UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                              Case No. 07-CR-0173

JEFFREY HLINAK,

        Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE**

      Defendant Jeffrey Hlinak was convicted in a District Court for the Middle District of Pennsylvania for Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity contrary to 18 U.S.C. § 1957. In essence, Hlinak was found to have engaged in a multi-state scheme to defraud retail businesses by fraudulently acquiring merchandise and obtaining multiple refunds and/or price adjustments for the same items through misrepresentation and falsified documents. Hlinak was sentenced to fifty and one-half months imprisonment followed by two years of supervised release. On July 6, 2007, supervision of the defendant was transferred to this district, apparently because the defendant has family living here.

      On February 13, 2008, this court ordered that a warrant be issued to return Hlinak to court based upon information that he appeared to be engaging in essentially the same conduct. Hlinak was taken into custody, and a detention hearing was held on February 22, 2008. At that time, Hlinak had no plan in place as to where he could reside should he be released from jail. Hlinak was therefore ordered detained. Hlinak has now filed a motion for release on personal signature,

claiming that his mother has indicated that her son can reside with her at her address. Having reviewed the entire report from pretrial services, I conclude that Hlinak's motion should be denied. Hlinak has indicated an desire to be revoked and to return to prison. He appears to have engaged in conduct manifesting that desire. His only objection is that he must remain in custody at the Brown County Jail until his detention hearing. Based upon the attitude reflected in the statements and actions of the defendant, I conclude that no reasonable condition, including placement with his mother, can insure that he will comply with the conditions of supervision. Specifically, I find that he would likely return to the conduct that resulted in his original conviction. Accordingly, the motion is denied.

      **SO ORDERED** this   3rd   day of March, 2008.

                                                s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge